**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1112-24

ATLAS SEPTIC INC. and
ROBERT VAN SADERS,

     Plaintiffs-Respondents,

v.

PETER CHRISTOPHER
GERHARD, II,

     Defendant-Appellant.

_____

DYNAMIC SOLUTIONS
GROUP, INC.,

     Plaintiff-Appellant,

v.

ATLAS SEPTIC INC. and
ROBERT VAN SADERS,

     Defendants-Respondents.

_____

Argued June 4, 2025 – Decided June 30, 2025

Before Judges Mayer, Rose and Puglisi.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Docket Nos. C-000051-23 and L-2967-23.

Anthony J. D'Artiglio argued the cause for appellants Peter Christopher Gerhard, II and Dynamic Solutions Group, Inc. (Ansell Grimm & Aaron, PC, attorneys; Anthony J. D'Artiglio, Gabriel R. Blum, and Anthony Sango, on the briefs).

Deborah A. Plaia argued the cause for respondents Atlas Septic Inc. and Robert Van Saders (The Law Offices of John J. Novak, PC, attorneys; John J. Novak and Deborah A. Plaia, on the briefs).

PER CURIAM

By leave granted, Peter Christopher Gerhard, II and Dynamic Solutions Group, Inc. (DSG) appeal from a November 7, 2024, order disqualifying the law firm of Ansell, Grimm & Aaron (law firm) from representing them in a consolidated litigation with Atlas Septic Inc. (Atlas) and Robert Van Saders. Gerhard and DSG assert the judge erred in considering an ex parte certification from Van Saders in camera to support the disqualification motion without providing a mechanism for the law firm to review or otherwise challenge the information contained in that certification. For the reasons that follow, we vacate the November 7, 2024, order and remand for further proceedings consistent with this opinion.

We recite the facts from the motion record. The law firm previously represented Atlas and Van Saders in two matters and filed suit against Atlas in another matter.

In February 2020, Lortech Inc. Construction Engineering filed a collection action against Atlas (Lortech litigation) and the law firm defended the company. A month later, the law firm filed a complaint on behalf of Van Saders against William Longo and a waste disposal company involving a business dispute (Longo litigation). Lawrence H. Shapiro, an attorney with the law firm, represented Atlas and Van Saders in the Lortech and Longo litigations. In September 2020, the law firm filed a personal injury lawsuit against Atlas on behalf of an Atlas employee (employee litigation). Atlas did not seek to disqualify the law firm in the employee litigation.

On May 11, 2023, Atlas and Van Saders filed a verified complaint and order to show cause against Gerhard, alleging he misappropriated money from Atlas. On September 20, 2023, the law firm filed an answer and counterclaim on Gerhard's behalf. The law firm also filed a separate lawsuit on behalf of DSG against Atlas and Van Saders, alleging non-payment of several loans. The trial court consolidated the matters.

3

On June 29, 2024, Atlas and Van Saders moved to disqualify the law firm under the Rules of Professional Conduct (RPCs). They asserted the RPCs prohibit a lawyer who formerly represented a client in a matter from later representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." RPC 1.9(a). Atlas and Van Saders argued the consolidated actions were substantially related to the Lortech and Longo litigations because those cases relied on confidential information related to "Atlas'[s] business operations, formations of LLC[]s, contracts, clients, financials, banking information, business plans, purchases and leases of equipment, insurance information, [and] financing information."

Atlas and Van Saders also claimed the law firm violated RPC 1.9(c), providing "[a] lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter . . . use information relating to the representation to the disadvantage of the former client . . . ." Atlas and Van Saders asserted the law firm possesses information regarding Van Saders's ability to litigate the consolidated lawsuit and if "Van Saders was of the mind-set . . . to settle . . . and the reason why."

A-1112-24

Gerhard and DSG opposed the disqualification motion supported by a certification from Shapiro. Shapiro's certification stated that "other than facts specific to the claims in the Lortech and Longo [litigations], Atlas did not disclose confidential information to [the law firm] that would prejudice Atlas in th[is] [l]itigation."

On August 2, 2024, the motion judge heard argument on the disqualification motion. During the argument, counsel for Atlas and Van Saders alleged Van Saders had discussions with the law firm in the Longo and Lortech litigations "about whether or not [Atlas and Van Saders] should settle and the amount of settlement, and . . . the financial ability of Atlas to maintain a lawsuit versus settling." Counsel for Atlas and Van Saders further claimed the law firm knew "the ability of Van Saders to move forward with a lawsuit, the mind-set, their attitudes about settlement, their whole thought process about litigating this versus settling." Because these arguments were proffered by counsel rather than set forth in a client certification, counsel for Atlas and Van Saders asked the motion judge for an "opportunity to obtain a certification from [Van Saders] . . . [to] be reviewed in-camera by the [c]ourt."

The judge denied the request, explaining Atlas and Van Saders had the ability to submit a certification "without uploading [it] on eCourts," but did not

5

do so. The judge stated he would "consider . . . only the papers that were submitted . . . in addition to argument supplemented by counsel here today." Because Atlas and Van Saders raised the law firm's purported knowledge of Van Saders's "litigation strategy" for the first time at oral argument, depriving Gerhard and DSG of an opportunity to review or refute that allegation, the judge reserved decision on the disqualification motion. The judge directed supplemental briefing "limited to the issue of the confidential financial information which Atlas alleges was disclosed to [the law firm]."

Counsel for Atlas and Van Saders appended the Van Saders Certification to the supplemental brief. However, a copy of the Van Saders Certification was not provided to the law firm. Atlas and Van Saders also renewed their request for the judge to review the Van Saders Certification in camera before deciding the disqualification motion. Notably, Atlas and Van Saders failed to file a motion for reconsideration prior to filing the Van Saders Certification.

In opposition to the renewed request for the judge to review the Van Saders Certification, Gerhard and DSG submitted a letter brief and a second certification from Shapiro. The second Shapiro Certification stated "[e]ven assuming, arguendo, that [the law firm] was made aware of Atlas's general 'attitude' toward settlement or litigation strategy in connection with the prior

6

matters years ago, that of course has no bearing on its strategy or attitude in this case, occurring years later and involving different parties and claims."

The judge heard additional argument from counsel on November 7, 2024. Prior to the argument, without notice to the law firm, the judge reviewed the Van Saders Certification in camera on an ex parte basis. The judge explained he "review[ed] the case law with regard to the appropriateness" of an in camera review and concluded his review of the document was appropriate "[b]ased upon the content of the certification itself." The judge stated that the information in the Van Saders Certification "would be best not in the public domain" without elaborating why he held this belief. Significantly, the judge did not address any potential mechanisms for the law firm to review and refute the statements in the Van Saders Certification.

Based on the Van Saders Certification, the judge granted the motion to disqualify the law firm. In considering whether the pending litigation was substantially similar to the Longo or Lortech litigations, the judge stated:

> Nothing has been provided to the [c]ourt regarding the corporate litigation that the [c]ourt would find sufficiently specific, nor the matters therein, as compared to the present one, to be sufficiently substantially similar as to warrant disqualification on their own.
>
> . . . .

Thus, [there is] no apparent violation of RPC 1.9(a) based on the representation alone.

However, the judge found the law firm had "a more personal relationship [with Van Saders] than that which might exist in other corporate litigation and is one of the facts that the [c]ourt considers when determining the potential for implications of RPC 1.9 not only (a), but part (c)." The judge noted the Van Saders Certification "expressed significant concern . . . regarding how [Van Saders's] personal and financial information . . . would continue to materially affect the decision-making process vis-a-vis the management and resolution of litigation." He asserted "that information could certainly . . . inure to [Van Saders's] detriment to a material degree, as it could well have a bearing . . . on how the pending litigation is managed, prosecuted, and ultimately resolved."

Thus, the judge concluded:

> [T]he similarity of the proceedings in and of themselves would be insufficient to otherwise disqualify the firm, [but] the nature of the information provided, in conjunction with [Van Saders's] representations, . . . leads the [c]ourt to conclude that there is probably no likelihood that that information will not, to some degree . . . inure to the detriment of . . . Van Saders in his attempt to defend against the counterclaims that were brought against him.
>
> . . . .

A-1112-24

Again, I know that [Gerhard and DSG are] at a disadvantage for not having that information. The . . . information provided was . . . personal in nature . . . and most likely would affect how litigation involving . . . Van Saders himself . . . might be conducted, continued, prosecuted, defended, or ultimately resolved.

And for those reasons, although the [c]ourt is always reluctant to do so, and I specifically am reluctant to do so, I am finding for disqualification in this matter.

Gerhard and DSG moved for leave to appeal. In a December 19, 2024, order, we granted leave to appeal. The trial court issued a stay pending appeal.

On appeal, Gerhard and DSG argue the judge erred in granting the motion to disqualify the law firm. Additionally, they claim a violation of their right to procedural due process because the law firm was precluded from reviewing the Van Saders Certification. Further, Gerhard and DSG assert the dilatory conduct of Atlas and Van Saders in pursuing the disqualification motion barred the requested relief.

I.

We first consider the argument by Gerhard and DSG that the judge erred in reviewing the Van Saders Certification in camera, on an ex parte basis, without considering any procedures to allow the law firm to review and refute the allegations contained in that document. We agree.

9

We review a trial judge's decision to disqualify a law firm de novo. <u>City of Atlantic City v. Trupos</u>, 201 N.J. 447, 463 (2010). Generally, "disqualification decisions should be made on the papers presented, except. . . when an evidentiary hearing is needed because the court is unable to determine the matter on the written record before it." <u>O Builders & Assocs., Inc. v. Yuna Corp. of NJ</u>, 206 N.J. 109, 114 (2011). "[A]n evidentiary hearing should be held only when the court cannot with confidence decide the issue on the basis of the information contained in those papers, . . . or when there looms a question of witness credibility." <u>Dewey v. R.J. Reynolds Tobacco Co.</u>, 109 N.J. 201, 222 (1988).

Initially, the judge denied the request to review the Van Saders Certification. Three months later, the judge reversed course and considered that certification. The judge never explained why his prior decision, unequivocally denying a request to review a certification from Van Saders, was erroneous.

Although the judge mentioned reviewing case law prior to considering the Van Saders Certification, he failed to cite to any case law, court rule, or other legal authority warranting reversal of his earlier denial of an in camera review.

A judge must set forth findings of fact and conclusions of law, particularly "where explanation is required by reason of the nature of the matter." Pressler

& Verniero, Current N.J. Court Rules, cmt. 7 on R. 1:6-2(2025); see also R. 1:7-4. Here, neither the November 7, 2024, order nor the transcript of the oral argument reflect the legal support upon which the judge relied in reversing his earlier decision declining to consider the Van Saders Certification.

While the judge cited RPC 1.9 (a) and (c) in granting the disqualification motion, the judge never explained how the litigation strategy or settlement posture of Atlas and Van Saders in unrelated litigations filed several years ago would be used to their disadvantage in this matter by the law firm. Additionally, the Van Saders Certification and the two Shapiro Certifications were diametrically opposed regarding information allegedly disclosed to the law firm that would or could be used by the law firm in representing Gerhard and DSG in this action.

Moreover, the judge never explored possible mechanisms for disclosure of the Van Saders Certification to protect the alleged confidential information in that document. "[P]arties may protect the confidentiality of their information by, among other means, requesting that the record be subject to a protective order, and the movant may further request that the application be considered in camera." O Builders, 206 N.J. at 129. In cases such as this matter, "where the lawyer whose disqualification is sought denies ever receiving the claimed

A-1112-24

confidential information, an appropriate screening device would be to engage substitute counsel to oppose the disqualification motion." Ibid.

The judge's consideration of a protective order or other screening mechanism would have allowed the law firm to review and refute the information in the Van Saders Certification prior to a decision on the disqualification motion. Further, based on the conflicting certifications regarding the purported confidential information imparted to the law firm, an evidentiary hearing may have been warranted. At such a hearing, counsel would be able to cross-examine the affiants related to the disclosure of any confidential information to the law firm and whether the Longo and Lortech litigations were the same or substantially related to the pending consolidated matter.

For these reasons, we are constrained to vacate the November 7, 2024, disqualification order and remand the matter to the trial court. On remand, the judge should consider whether there are appropriate mechanisms that would permit the law firm to review and refute the information in the Van Saders Certification. We leave it to the judge to determine whether to conduct an evidentiary hearing to assess the credibility of the affiants regarding information purportedly disclosed to the law firm by Atlas and Van Saders.

A-1112-24

## II.

We next consider the judge's decision to disqualify the law firm. "Disqualification . . . is a harsh discretionary remedy which must be used sparingly." Dental Health Assocs. S. Jersey, P.A. v. RRI Gibbsboro, LLC, 471 N.J. Super. 184, 192 (App. Div. 2022) (quoting Cavallaro v. Jamco Prop. Mgmt., 334 N.J. Super. 557, 572 (App. Div. 2000)). "[C]ourts view disqualification motions 'skeptically in light of their potential abuse to secure tactical advantage.'" Mauer v. State, 481 N.J. Super. 254, 262 (App. Div. 2025) (quoting Escobar v. Mazie, 460 N.J. Super. 520, 526 (App. Div. 2019)). In ruling on a disqualification motion, "[c]ourts must engage in a 'painstaking analysis of the facts.'" Dental Health Assocs., 471 N.J. Super. at 192 (quoting Dewey, 109 N.J. at 205). "[A] motion for disqualification calls for [the court] to balance competing interests, weighing the 'need to maintain the highest standards of the profession' against a 'client's right freely to choose his [or her] counsel.'" Ibid. (quoting Dewey, 109 N.J. at 218).

Atlas and Van Saders sought to disqualify the law firm under RPC 1.9, addressing a lawyer's duty to a former client. RPC 1.9(a) prohibits a "lawyer who has formerly represented a client in a matter" from later "represent[ing]

A-1112-24

another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client."

RPC 1.9(a) "is triggered when two factors coalesce: the matters between the present and former clients must be 'the same or . . . substantially related,' and the interests of the present and former clients must be 'materially adverse.'" Trupos, 201 N.J. at 462. Matters are substantially related if (1) "the lawyer for whom disqualification is sought received confidential information from the former client that can be used against that client in the subsequent representation of parties adverse to the former client," or (2) "facts relevant to the prior representation are both relevant and material to the subsequent representation." Id. at 467. Courts must engage in "a fact-sensitive analysis to ensure that the congruity of facts, and not merely similar legal theories, governs whether an attorney ethically may act adverse to a former client." Ibid. "[T]he analysis 'turn[s] on the identification of any particular confidence[s] having been revealed.'" Dental Health Assocs., 471 N.J. Super. at 194 (alterations in original) (quoting Twenty-First Century Rail Corp. v. N.J. Transit Corp., 210 N.J. 264, 278 (2012)). "[T]he client must make more than 'bald and unsubstantiated assertions' that the lawyer disclosed 'business, financial and

legal information' related to the matter for which disqualification is sought."

Ibid. (quoting O Builders, 206 N.J. at 129).

The party seeking disqualification bears "the initial burden of production—that the lawyer(s) for whom disqualification is sought formerly represented their present adverse party and that the present litigation is materially adverse to the former client." Trupos, 201 N.J. at 462. "[T]he burden [then] shifts to the attorney(s) sought to be disqualified to demonstrate that the matter or matters in which he or they represented the former client are not the same or substantially related to the controversy in which the disqualification motion is brought." Id. at 463. However, "the burden of persuasion on all elements under RPC 1.9(a) remains with the moving party, as it 'bears the burden of proving that disqualification is justified.'" Ibid. (quoting N.J. Div. of Youth & Fam. Servs. v. V.J., 386 N.J. Super. 71, 75 (Ch. Div. 2004)).

Here, the judge was required to engage in a searching factual analysis in resolving the disqualification motion. At a minimum, the judge should have inquired whether Van Saders's alleged disclosures to the law firm regarding his personal beliefs as to litigation or the settlement of litigation changed with the passage of time. Such an inquiry is particularly relevant in this case because

15

Van Saders filed a lawsuit against Gerhard despite his purported beliefs concerning litigation.

Additionally, on this record, the judge's reliance on RPC 1.9(c), as a basis upon which to disqualify the law firm, was misplaced. Without stating any specific factual findings, the judge explained the existence of "a more personal relationship" between the law firm and Van Saders implicated "not only [RPC 1.9](a), but part (c)." Relying on RPC 1.9(c), the judge concluded "there [was] probably no likelihood that that information will not . . . in some degree, inure to the detriment of . . . Van Saders."

RPC 1.9(c) does not provide an independent basis for disqualification. The Rule states:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.
>
> [RPC 1.9(c).]

16

RPC 1.9(c) addresses information obtained from a law firm's representation of a former client that might be used to the disadvantage of that client. However, it does not address the grounds upon which a trial court should disqualify a law firm. To the extent RPC 1.9(c) might be relevant to this matter, the judge could have benefited from testimony adduced through an evidentiary hearing because the parties submitted contradictory certifications related to the purported information obtained by the law firm through its prior representation of Atlas and Van Saders.

Without the benefit of a hearing to resolve the competing certifications related to the disqualification motion, the judge speculated the information in the Van Saders Certification would be used by the law firm against Atlas and Van Saders in this matter. The judge explained the information obtained by the law firm in the prior litigations "could well have a bearing . . . on how the pending litigation is managed, prosecuted, and ultimately resolved." However, the judge also stated that he found "no evidence that the [law] firm ha[d] so utilized this information in the current litigation." Consequently, the judge found "no basis upon which to determine that any RPC[]s . . . were in any way violated." On remand, the judge should determine whether the law firm used

17

any information from its prior representation of Atlas and Van Saders in this matter to warrant the law firm's disqualification.

Further, we note the judge's November 7, 2024, factual findings placed on the record and the language in his November 7, 2024, order conflict. At the conclusion of the November 7 argument, the judge expressly stated the Longo and Lortech litigations were not "substantially similar as to warrant disqualification on their own." However, the signed order stated the law firm "previously represented Atlas . . . and . . . Van Saders in a substantially related matter." As a result of this inconsistency, we are unable to discern the legal basis for granting the disqualification motion.

On remand, the motion judge should consider whether an evidentiary hearing is warranted to resolve the competing certifications regarding the law firm's disqualification. Further, the judge should consider protective measures or other mechanisms to allow the law firm to review and refute the contentions in the Van Saders Certification. Because we are vacating the November 7, 2024, order, the parties may raise any additional arguments in support of or opposition to any renewed disqualification motion. We express no opinion regarding any renewed motion for disqualification.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1112-24